## HASSETT v. WATSON.

*Verdict — Findings of fact — Section 11463, General Code — Request limited to one cause of action — Contracts — Conditions precedent to recovery — Engineer's estimates — Terms of computation indefinite — Question for jury.*

1. The right to have findings upon particular questions of fact, as given by Section 11463, General Code, is mandatory only when the request contains the condition that the questions shall be answered in case a general verdict shall be returned. Therefore a party is not entitled as a matter of right to have certain questions answered in a suit containing two causes of action when the request contained the condition that a general verdict be rendered on the second cause of action.

2. A written agreement provided that a road contractor should pay "as per engineer's estimate" fifty cents per cubic yard of stone hauled by a subcontractor, without specifying whether the stone should be measured loose or after rolled in the highway. *Held:* The furnishing of such estimate was not a condition precedent to recovery by the subcontractor; and, since the intention of the parties to the contract, or the meaning of its terms as to manner of computation, is not clearly shown, the question was one for the jury.

(Decided January 8, 1920.)

ERROR: Court of Appeals for Clermont county.

*Mr. Charles C. White; Messrs. Gordon, Morrill & Ginter* and *Messrs. Heintz & Heintz,* for plaintiff in error.

*Mr. O. E. Young,* for defendant in error.

SHOHL, P. J. Plaintiff in error, James M. Hassett, had a contract to build a road for the state highway department from Greenbush to Mt. Orab, Clermont county. He entered into a written agreement with Watson Brothers to unload and haul stone and screenings, and to deliver them along the

highway as directed by Hassett. Hassett agreed to pay the sum of fifty cents per cubic yard, "as per the state engineer's estimates." A dispute arose between the parties as to the method of measuring the stone, Watson Brothers contending that the stone should be measured loose in the cars and Hassett claiming that it should be measured by cubic yards after it was rolled in the highway. No estimates by the state engineer were ever furnished to Hassett, and it is contended by him that measurement by the state engineer was a condition precedent to his obligation to pay.

The record shows that some of the stone hauled by Watson Brothers was sold by Hassett to farmers along the road and never put into the construction at all. If Hassett had rendered it impossible to measure in the finished road all the stone hauled, Watson could not be chargeable with the failure to have it thus measured. The evidence was also offered as proof that the parties did not intend to measure it otherwise than in the condition in which it was hauled.

The suit filed by Walter Watson, surviving partner, against Hassett, contained two causes of action. The first was for failure to pay the amount specified in the contract, and the second was for damages for delay in furnishing stone to haul. The contract provided that Hassett was to keep stone and metal ready for Watson Brothers. The jury rendered a general verdict for the plaintiff for $1,850.71. It is now contended that the court below should have instructed the jury to render a verdict in favor of the defendant, as there was no estimate of the state engineer on the amount of

stone transported. The quantities were proved by showing the railroad weights of the stone which Watson loaded on his wagons and transported. Computation was made from these, based upon evidence of the weight of a cubic yard of stone.

The agreement in question was drawn up by the parties without the aid of a lawyer. While the contention of the plaintiff in error is by no means frivolous, the court is of opinion that the intention of the parties is not clearly shown to have been that the certificate of the state engineer was a condition precedent. The doctrine of *Ashley* v. *Henahan*, 56 Ohio St., 559, is, therefore, not applicable, and the court was correct in submitting to the jury the meaning of the contract. (8 Elliott on Contracts, Section 1565.) The court also left to the jury the meaning of the agreement, as to whether the stone should be measured before or after rolling it on the road. The verdict of the jury in accordance with the instruction of the court was not contrary to law nor against the weight of the evidence. Watson's agreement was to haul stone at fifty cents per yard, and the jury might well find that this meant fifty cents for every yard he hauled, rather than fifty cents for every yard of what was constructed with the stone by rolling it.

In the submission of the case, in accordance with the request of counsel for the defendant, the court submitted several interrogatories affecting the amount of recovery on the second cause of action —on account of delay in furnishing stone to plaintiff to haul.

Interrogatory No. 1 is as follows:

"If the jury find a general verdict for the plaintiff on the second cause of action, you will please

state the amount paid by the plaintiff to his hired teamsters, while the teamsters and their teams were not working for plaintiff, because of any delay in the arrival of stone, or because of wet weather."

Interrogatory No. 2 is similar in form, covering the wages of shovelers.

The jury returned its verdict as follows:

"We, the jury, being duly impaneled, sworn and affirmed, find the issues in this case in favor of the plaintiff and assess the amount due to the plaintiff from the defendant, the said James M. Hassett, at the sum of eighteen hundred and fifty and 71/100 ($1850.71) dollars."

When the verdict was read in open court the attorneys for the defendant made demand that the interrogatories be answered, and the court, thereupon, directed the jury to answer them. The statement was then made in open court by a juror: "We made no finding for any amount on the second cause of action." Thereupon, the court ordered that the verdict be entered, and defendant excepted to the receipt and entry of the verdict without answers to the interrogatories.

If the defendant was entitled to have the interrogatories answered, serious questions might arise, which, under existing conditions, need not be determined here. The right to have findings upon particular questions of fact by the jury is given by Section 11463, General Code. The provision is mandatory only when the request for special findings contains the condition that the questions which are submitted shall be answered in case a general verdict shall be rendered. *Gale* v. *Priddy,* 66 Ohio St., 400, and *Devou* v. *Searles, ante,* 329.

In the instant case, the request was not conditioned upon the return of a general verdict, but contained the condition that a general verdict be rendered on the second cause of action.  This is not within the express provisions of the statute, and the defendant was, therefore, not entitled as a matter of right to have the questions answered. The receiving of the verdict without the answers to the interrogatories was, therefore, not error.

Complaint is made of the rulings of the court in admitting evidence of the amount paid by the plaintiff to the various teamsters who were doing the hauling for him.  Such evidence was probably proper on the issues raised by the second cause of action, but, even if erroneous, could not be regarded as so prejudicial as to require a reversal of the case.

The judgment will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.